Mr. Justice ThacheR
delivered the opinion of the court.
An action of debt was instituted by the state of North Carolina for the use of Tick, guardian, against Hines, administrator of Drake, surety of Whitfield, a former guardian. The action was founded upon the guardianship bond of Whitfield.
A demurrer filed to the declaration was overruled in the circuit court. Of the specified causes of demurrer, but one seems to be relied upon in this court in the brief of counsel for the plaintiff in error. This specification is, that the declaration shows no sufficient legal authority for the institution of t.he suit.
The state of North Carolina is entitled, as a corporation, to institute actions in this state. The suit, also, was instituted for the use of Tick, guardian, who, having authority under our statutes, by filing his foreign letters of guardianship in this state and taking out letters here, and being in possession of the bond, could cause suit to be instituted upon it. The allegation that the suit was instituted “by order and direction of the court of pleas and quarter sessions for the county of Nash, and state of North Carolina,” may be regarded as surplusage, since our statute provides an authority to such a guardian to pursue the remedy here sought to be applied. H. & H. 340, § 18.
*537 The bond upon which tile action was founded, being offered in evidence, was objected to by the defendant. The plea was non est factum. The signature of the defendant’s intestate was established by two witnesses. As the bill of exceptions sets it out, the bond has the word “seal” against the name of the defendant’s intestate signed thereto, and the body of the instrument declares it to have been executed as a specialty. There is nothing in the bill of exceptions that manifests that the bond was not executed with an actual seal, or that shows that any substitute for a seal was employed. It is only from the brief of counsel that we learn that the letters “L. S.” were substituted for a seal, from whence it is insisted that some local law of North Carolina should have been exhibited authorizing a substitution for an actual seal. So far, therefore, as this court is informed by the record, the instrument was executed by actual sealing. This bill of exceptions, it may likewise be remarked, •is imperfect in setting forth all the testimony as to the proof of the execution of the instrument, and the court having admitted it in evidence, we are required to consider that all necessary preliminary proof was duly adduced.
The foregoing points are all which, upon examination, seem to call for observation. Some of the others are not legitimately raised in the state of the pleadings.
Judgment affirmed.